## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DERRICK A. CAUDLE,                                )
                                                  )
                    Plaintiff,                    )
                                                  )
        v.                                        )        Civil Action No. 25-1316-CFC-SRF
                                                  )
WARDEN BRIAN EMIG, *et al.*,                      )
                                                  )
                    Defendants.                   )

## REPORT AND RECOMMENDATION

Plaintiff Derrick A. Caudle ("Plaintiff"), an inmate at the James T. Vaughn Correctional

Center ("JTVCC"), filed this action on October 29, 2025, alleging violations of his constitutional

rights under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.  (D.I. 3)  He

appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5)  The court

proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

For the reasons set forth below, I recommend that the court DISMISS WITH PREJUDICE the

claims against JTVCC, the Delaware Department of Corrections ("DDOC"), and the Individual

Defendants in their official capacities,[1] and DISMISS WITHOUT PREJUDICE the remaining

claims against the Individual Defendants in their individual capacities.

## I.      BACKGROUND

Plaintiff brings this civil rights action against Warden Brian Emig, Commissioner Terra

Taylor, Bureau Chief Robert May, the Delaware Department of Corrections ("DDOC"), and

JTVCC pursuant to 42 U.S.C. § 1983.  The complaint alleges that, after Plaintiff received a

disciplinary write up for bribery on June 18, 2025, he was transferred to the Medium Housing

---

[1] The court refers to Warden Brian Emig, Commissioner Terra Taylor, and Bureau Chief Robert
May collectively as the "Individual Defendants."

Unit ("MHU").[2] (D.I. 3)  There, in accordance with prison policy, Plaintiff is forced to wash his clothing in a laundry bag that allegedly contains the chemical formaldehyde, "which the state of California has acknowledged is a cancer-causing chemical." (*Id.* at 5)  Plaintiff wishes to wash and dry his clothes in his cell but alleges that he would be subject to a disciplinary write up for doing so. (*Id.* at 6)  Plaintiff also contends that he has been exposed to black mold in the showers and ventilation system of the MHU and the maximum-security Security Housing Unit ("SHU"), which has caused him to suffer a chronic cough and difficulty breathing.[3] (*Id.*)

Plaintiff seeks to recover compensatory and punitive damages, fees, and costs for alleged violations of his Eighth Amendment right to be free of cruel and unusual punishment based on the conditions of his confinement. (*Id.*)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*,

---

[2] In a prior complaint filed in *Caudle v. Clark*, C.A. No. 25-1264-CFC-SRF, D.I. 2 (D. Del. Oct. 16, 2025), Plaintiff alleged he was transferred to the Security Housing Unit ("SHU") following his June 18, 2025 disciplinary write up.

[3] The Security Housing Unit ("SHU") houses those inmates who have demonstrated that they cannot be housed in a lesser security and/or whose behavior and history are conducive to maximum security housing. *See* https://doc.delaware.gov/views/jtvcc.blade.shtml.

2

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation

3

of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff asserts claims against the DDOC and JTVCC. JTVCC falls under the umbrella of the DDOC, an agency of the State of Delaware. *Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 3017120, at *5 (D. Del. July 10, 2019). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from suits brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Thus, I recommend that the court dismiss the claims against the DDOC and JTVCC pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

4

To the extent Plaintiff brings his claims against the Individual Defendants in their official capacities, they are also immune from suit under the Eleventh Amendment. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Because Section 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment, I recommend that the court dismiss Plaintiff's claims against the DDOC, JTVCC, and the Individual Defendants in their official capacities. *See id.*

**B.** *Respondeat Superior* **/ Personal Involvement**

The complaint names as defendants Commissioner Terra Taylor, Bureau Chief Robert May, and Warden Brian Emig. However, the pleaded allegations do not attribute any conduct to the Individual Defendants. Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Consequently, *respondeat superior* cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.' " *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). The complaint does not attribute the prison laundry policies to any of the Individual Defendants. Even when liberally construing Plaintiff's complaint, the allegations are conclusory and fail to allege facts that, if proven, would show personal involvement by any of the defendants. Absent any allegation of personal involvement, Plaintiff's Section 1983 claims cannot stand. Consequently, I recommend that the court dismiss without prejudice the claims against the Individual Defendants in their individual capacities.

## C. Request for Counsel

Plaintiff filed a letter with the court requesting the appointment of an attorney to represent him in this matter. (D.I. 7) Plaintiff's request for counsel is denied without prejudice to renew as premature given that there is no operative pleading. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

6

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on May __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against defendants DDOC and JTVCC are **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Amendment is futile.

3.    Plaintiff's claims against the Individual Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4.    Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.  (D.I. 7)

5.    Plaintiff is granted leave until on or before _____, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: May 4, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

8